# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### MISSOULA DIVISION

| | |
|---|---|
| JOHN LOUVAR, | Cause No. CV 08-101-M-DWM-JCL |
| Plaintiff, | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM |
| vs. | |
| RAVALLI COUNTY SHERIFF'S OFFICE, et al. | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion to Proceed In Forma Pauperis

(Document 1) and proposed Complaint submitted pursuant to 42 U.S.C. § 1983. (Document 2).

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff, a state prisoner proceeding pro se, has submitted a declaration and account

statements which this Court finds sufficient to make the showing required by 28 U.S.C.

§1915(a).[1] Accordingly, the request to proceed in forma pauperis will be **GRANTED.**

---

[1]Plaintiff only filed an inmate account statement for May 11, 2008 through June 8, 2008 in this case. However, in granting Plaintiff's motion, the Court has taken judicial notice of Plaintiff's inmate account statements for October 2007 through March 2008 filed in Plaintiff's other recently filed lawsuit, Civil Action No. 08-CV-62-BLG-RFC. *See, e.g., Rand v. Rowland,* 154 F.3d 952, 961

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM / PAGE 1

The Complaint shall be deemed filed as of the date that the Motion to Proceed In Forma

Pauperis was filed and the proposed Complaint was delivered to the Clerk of Court. *See Loya v.*

*Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v.*

*Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively

filed when delivered to clerk of court).

Notwithstanding his forma pauperis status, Plaintiff is required to pay the statutory filing

fee of $350.00 for this action, even if the case is dismissed. *See* 28 U.S.C. § 1915(b)(1), (e)(2).

Because the Court does not know the balance in Plaintiff's account today, the initial partial filing

fee will be waived. However, Plaintiff must make monthly payments of 20% of the income

credited to his account each month. The percentage is set by statute and cannot be altered. *See*

28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of

Plaintiff to forward payments to the Clerk of Court each time the amount in the account exceeds

$10.00, until the filing fee is paid in full. *See id.*

## II. PRELIMINARY SCREENING OF THE COMPLAINT

As the Court has permitted Plaintiff to proceed in forma pauperis, his Complaint is

subject to screening under 28 U.S.C. §§ 1915 and 1915A. Section 1915A reads in pertinent part

as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in
> a civil action in which a prisoner seeks redress from a governmental entity or
> officer or employee of a governmental entity [and][o]n review, the court shall
> identify cognizable claims or dismiss the complaint, or any portion of the

(9th Cir. 1998) (en banc); *Zolg v. Kelly (In re Kelly),* 841 F.2d 908, 911 n.1 (9th Cir. 1988) (A court
may take judicial notice of its own as well as other courts' records).

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT FOR FAILURE TO STATE A CLAIM / PAGE 2

complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim
upon which relief may be granted; or (2) seeks monetary relief from a defendant
who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing

fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the

complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or

that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it

"lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109

S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which

relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell

Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929

(2007)(quotation omitted). This requirement demands "more than labels and conclusions, [or] a

formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v.

Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)(quoting *Bell Atlantic Corp.*,

127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80

(1957))).

Finally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, 127 S.Ct. at 2200*; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that his house was broken into presumably while he was incarcerated. Plaintiff contends that he filled a police report and talked to police officers but noone helped him.

## IV. ANALYSIS

"The Due Process Clause of the Fourteenth Amendment provides that '[n]o State ... shall deprive any person of life, liberty or property, without due process of law.' " *DeShaney v. Winnebago County Dept. Of Social Services, 489 U.S. 189, 194, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)*. However, nothing in the language of the Due Process Clause "requires the State to protect the life, liberty and property of its citizens against invasion by private actors." *Id. at 195*. Therefore, state officials have no constitutional duty to protect the public from crime absent a special relationship between the state official and a particular member of the public, which only arises when the State restrains an individual's freedom to act on its own behalf. *See id. at 200*; *see also Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699-700 (9th Cir. 1990)*. "To determine whether a 'special relationship' exists, a court may look to a number of factors, including (1) whether the state created or assumed a custodial relationship toward the plaintiff; (2) whether the state affirmatively placed the plaintiff in a position of danger; (3) whether the state was aware of a specific risk of harm to the plaintiff; or (4) whether the state affirmatively committed itself to the protection of the plaintiff." *Balistreri, 901 F.2d at 700*. Even if Plaintiff

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT FOR FAILURE TO STATE A CLAIM / PAGE 4

was incarcerated at the time his home was broken into (which is not entirely clear from the

Complaint), that it not enough to establish a constitutional duty to investigate the alleged break

in. There is no allegation that Defendants affirmatively caused the break-in, that they were aware

of a specific risk to Plaintiff's home, or that Defendants committed to protect Plaintiff's home

and failed to do so. Police officers simply do not have an affirmative duty to investigate crimes

in a particular manner or to protect one citizen from another. *See Gini v. Las Vegas Metro. Police*

*Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994).

Accordingly, the Court will recommend that Plaintiff's claims be dismissed for failure to

state a claim. The Prison Litigation Reform Act prohibits prisoners from bringing forma

pauperis civil actions if the prisoner has brought three or more actions in federal court that were

dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

The Court is going to designate this case as Plaintiff's second "strike" under this provision

because Plaintiff's allegations fail to state a claim.[2] For this same reason, the Court will certify

that any appeal of this matter would not be taken in good faith. That is, the issues raised in this

matter are frivolous.

Accordingly, the Court issues the following:

## ORDER

1. Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) is **GRANTED**. The

Clerk of Court shall waive prepayment of the filing fee. While Plaintiff will not be assessed an

---

[2]Plaintiff's prior § 1983 lawsuit, Civil Action 08-CV-062-BLG-RFC, was designated as a strike based upon Plaintiff's failure to state a claim in that matter.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM / PAGE 5

initial partial filing fee, Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth above.

2. The Clerk shall edit the text of the docket entry for the Complaint (Document 2) to remove the word "LODGED" and the Complaint is **DEEMED FILED** on July 17, 2008.

3. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court also enters the following:

## RECOMMENDATION

1. Plaintiff's Complaint (Document 2) should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's claim is so frivolous that no reasonable person could suppose that an appeal would have merit.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM / PAGE 6

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this __ day of July, 2008.

Jeremiah C. Lynch
United States Magistrate Judge

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT FOR FAILURE TO STATE A CLAIM / PAGE 7